```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Hiawatha Frezzell,            :

      Plaintiff,         :     Case No. 2:08-cv-0525

   v.                         :     Judge Watson

Parole Board of the State     :     Magistrate Judge Kemp
of Ohio, et al.,
                                  :

      Defendant.

<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on the motion to dismiss filed by the defendant Parole Board of the State of Ohio ("Parole Board")(doc. #8). For the following reasons, it will be recommended that the motion be granted and that the claims against the Parole Board be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

I.

The following statement of facts is taken from parties' filings in connection with the motion to dismiss. Hiawatha Frezzell is a prisoner of the State of Ohio, currently incarcerated within the Arizona Department of Corrections. According to his complaint, Mr. Frezzell is serving a sentence of 13 to 50 years for three burglaries and has served twenty-one years of that sentence. Mr. Frezzell indicates that ten years into his incarceration, he was "caught up in circumstances beyond his control during a prison riot at the Lucasville Prison in Ohio... [and] accepted responsibility for two inmates which (sic) were beaten." As a result of his involvement in the riot, Mr. Frezzell was transferred to the Arizona Department of Corrections.

According to his Complaint, Mr. Frezzell went before the Parole Board on May 3, 2007. He states that the parole board

used his participation in the riot as grounds for denying his parole. Mr. Frezzell argues that "the State of Ohio ... [has] laws which ... grant plaintiff the absolute right to proper consideration, consideration not based on illegal or improper grounds ... [or] reliance on the unchanging factors of the riot."

It is on the basis of these facts that the pending motion will be decided.

## II.

Mr. Frezzell claims that his due process rights were violated because the Parole Board failed properly to consider him for parole. The Parole Board argues that a prisoner does not have an entitlement to parole to which due process rights attach.

## III.

The Parole Board is correct that Ohio law does not give a convicted person a legitimate claim of "entitlement" to parole before the expiration of a valid sentence of imprisonment. See State ex rel. Miller v. Leonard, 723 N.E.2d 114, 115 (Ohio 2000)(per curiam). In Ohio, the Parole Board has sweeping authority to decide whether to grant or deny a prisoner parole. The controlling statute states:

> The adult parole authority ... may exercise its functions and duties in relation to the parole of a prisoner who is eligible for parole .... The authority may investigate and examine ... prisoners confined in state correctional institutions concerning their mental and moral qualities, their knowledge of a trade or profession, their former means of livelihood, their family relationships, and *any other matters affecting their fitness to be at liberty without being a threat to society*.

Ohio Rev. Code Ann. §2967.03 (West 2009)(emphasis added).

The level of discretion in this statute is very broad. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). The operative verb "may" is permissive, not mandatory. Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth., 929 F.2d

2

233, 236 (6th Cir. 1991) (construing former §2967.03). Therefore, under the Ohio system, the board "can deny the requested relief for any constitutionally permissible reason or for no reason at all." Id.; See also Olim v. Wakinekona, 461 U.S. 238, 249 (1983).

Mr. Frezzell incorrectly argues that the Parole Board is required to give any level of credence to his accomplishments in prison. He also mistakenly asserts that the Parole Board cannot continue to use "unchanging factors," such as his participation in the riot, as grounds to deny him parole. To support his claims, Mr. Frezzell relies on Ninth Circuit precedent. Indeed, in California, "a continued reliance in the future on an unchanging factor ... runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." Biggs v. Terhune, 334 F.3d 910, 916-917 (9th Cir. 2003). The Biggs court was relying on California Penal Code § 3041(b) which, in relevant part, states:

> The panel or the board, sitting en banc, *shall* set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting.

Cal. Penal Code §3041(b) (West 2009)(emphasis added).

California's statute uses the mandatory "shall" language, which limits the California Parole Board's discretion. However, that is not the law in Ohio. It has long been established that Ohio does not give a convicted person a claim of entitlement to parole before the expiration of a valid sentence of imprisonment. Olim, 461 U.S. at 249; Inmates of Orient Correctional Institute, 929 F.2d at 236. Parole for Ohio prisoners lies wholly within the discretion of the Parole Board and the statutes which provide

3

for parol do not create a protected liberty interest for due process purposes. Jago v. Van Curen, 454 U.S. 14, 20-21 (1981); Swihart v. Wilkinson, 209 Fed. App'x 456, 458 (6th Cir. 2006). Contrary to Mr. Frezzell's suggestion, the Parole Board does not abuse its discretion when it considers an inmate's behavior while in prison as a factor affecting his eligibility for parole. See State ex rel. Hawley v. Ohio Adult Parole Auth., 2004 WL 170317 at *4 (Ohio App. 10 Dist. Jan. 29, 2004).

Moreover, where the power to deny is as broad as Ohio's, "the State has not created a constitutionally protected liberty interest." Olim, 461 U.S. at 249; Inmates of Orient Correctional Institute, 929 F.2d at 236; State ex rel. Seikbert v. Wilkinson, 633 N.E.2d 1128, 1130 (Ohio 1994). It has long been established that Ohio does not give a convicted person a claim of entitlement to parole before the expiration of a valid sentence of imprisonment. Olim, 461 U.S. at 249; Inmates of Orient Correctional Institute, 929 F.2d at 236; Seikbert, 633 N.E.2d at 1130.

Therefore, it is clear that the decision to deny parole is not subject to judicial review unless parole is denied for a constitutionally impermissible reason. Wilkins v. Wilkinson, 809 N.E.2d 1206, 1212 (Ohio Ct. App. 2004). Because Mr. Frezzell has not identified any constitutionally impermissible reason for denial of his parole, this Court lacks the authority to second guess the decision of the Parole Board.

IV.

Based on the foregoing reasons, it is recommended that the Parole Board's motion to dismiss for failure to state a claim be granted.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file

and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge