IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Hiawatha Frezzell,

    Plaintiff,

v.

Case No. 2:08cv525

Parole Board of the State,
of Ohio, et al.

Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

On March 24, 2009, the Magistrate Judge submitted a Report and Recommendation recommending that the Parole Board's motion to dismiss Mr. Frezzell's complaint be granted pursuant to Fed.R.Civ.P. 12(b)(6). On April 3 2009, Mr. Frezzell moved for reconsideration of the Report and Recommendation. The Court will treat that motion as an objection. The Parole Board filed a response to the objection. For the following reasons, Mr. Frezzell's objection will be overruled and the Report and Recommendation will be adopted in its entirety.

I.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(1)(C).

II.

The Magistrate Judge recommended that Mr. Frezzell's complaint be dismissed because he had failed to identify any constitutionally impermissible reason for denial of his parole. In his objection, Mr. Frezzell now concedes that he is not actually entitled to parole, but argues that the ten-year continuances between his parole hearings are excessive. He also contends that the Parole Board used two expired sentences to place him in a higher risk category on its matrix. Lastly, he claims that the Parole Board unfairly retaliated against him for his involvement in the 1993 riot at the Southern Ohio Correctional Facility and that but for this involvement he would not have received the ten-year continuances of his parole hearing in 1996 and 2007. Mr. Frezzell maintains that each of the Parole Board's actions violated the Eighth Amendment's prohibition against cruel and unusual punishment.

Ohio Rev. Code §2967.03 does not require the Parole Board to provide an inmate a parole hearing. Instead, the decision whether to hold a parole hearing is within the Parole Board's discretion. State ex rel. McCuller v. Ohio Adult Parole Auth., 704 N.E.2d 324, 326 (Ohio Ct. App. 1997). Under the state's applicable guidelines, in any case in which parole is denied, the Parole Board has the discretion either to set a release date or set the time for a subsequent hearing, which cannot be more than ten years after the date of the hearing. See Ohio Adm. Code §5120:1-1-10 (B) (Baldwin 2009). Thus, the Parole Board's decision to continue consideration of Mr. Frezzell's eligibility for parole for ten years did not infringe upon his rights. See State ex rel. Thompson v. Clark, 455 N.E.2d 6, 8 (Ohio Ct. App. 1982). Because an Ohio inmate has no constitutional or statutory right to parole, he similarly has no right to an earlier

consideration for parole. State ex rel. Vaughn v. Ohio Adult Parole Auth., 708 N.E.2d 720, 721 (Ohio 1999). Therefore, Mr. Frezzell's objection on this ground is overruled.

Mr. Frezzell argues that the Parole Board used two "expired" sentences to place him in a higher risk category on its matrix. This statement is somewhat vague, but it appears that Mr. Frezzell is rehashing the argument he raised in response to the Parole Board's motion to dismiss that had he been granted program achievement and good time credits, his sentences on two counts of 4 to 15 years would have expired. The only sentence apparent from the record, however, is the term of 13 to 50 years imposed for the three burglaries for which Mr. Frezzell was convicted. See Complaint p. 3. Assuming that the Parole Board was required to grant Mr. Frezzell good time credits under former Ohio Rev. Code §2967.19, such credits serve to reduce only the minimum term of an indeterminate sentence and have no effect on the maximum term. State ex rel. Weaver v. Ohio Adult Parole Auth., 879 N.E.2d 191, 193 (Ohio 2007). Because Mr. Frezzell has not served the maximum term of 50 years and this maximum term would not in any event be reduced by program achievement or good time credits, his objection is without merit.

To the extent that Mr. Frezzell is arguing that the Parole Board improperly considered his involvement in the Lucasville prison riot in its decisions twice to continue his parole hearings for ten years, this argument is without merit. See Clqrk, 455 N.E.2d at 7-8 (citing Jones v. Salisbury, 422 F.2d 1326, 1327 (6th Cir. 1970)); see also State ex rel. Hawley v. Ohio Adult Parole Auth., 2004 WL 170317 at *4 (Ohio App. 10 Dist. Jan. 29, 2004)(parole board does not abuse its discretion when it considers an inmate's behavior while in prison as a factor affecting his eligibility for parole). If he is, in fact,

asserting a retaliation claim against the Parole Board, he must show that (1) he engaged in constitutionally protected conduct; (2) prison officials took an adverse action against him that would deter a person of ordinary firmness from continuing to engage in that conduct; (3) the adverse action was taken (at least in part) because of the protected conduct; and (4) the retaliatory conduct does not advance legitimate penological goals or is not narrowly tailored to achieve those goals. Thaddeus-X v. Blatter, 175 F.3d 378, 394-95 (6th Cir. 1999); Johnson v. Morris, 670 N.E.2d 1023, 1028 (Ohio Ct. App. 1995).

Here, Mr. Frezzell's claim fails because his involvement in the riot is not constitutionally protected conduct. See Krause v. Rhodes, 570 F.2d 563, 570 (6th Cir. 1977)(violent demonstrations do not enjoy First Amendment protection). Thus, it is not constitutionally impermissible for the Parole Board to impose a ten year continuance between his parole hearings in light of his participation in the riot. Further, the Parole Board could deny Mr. Frezzell's parole for "any constitutionally permissible reason or for no reason at all," including his participation in the riot. See Olim v. Walkinekon, 461 U.S. 238, 249 (1983). Therefore, Mr. Frezzell's objection on this ground is overruled.

Mr. Frezzell's final contention is that all of the actions described in his first three points ought to be considered Eighth Amendment violations as cruel and unusual punishment. However, "[b]ald assertions regarding a general deprivation of civil rights are insufficient to withstand a motion to dismiss." Swihart v. Wilkinson, 209 Fed. App'x 456, 460 (6th Cir. 2006)(quoting Hahn v. Star Bank, 190 F.3d 708, 718 (6th Cir. 1999)). Because Mr. Frezzell has not properly alleged that his sentence or ineligibility for parole is grossly disproportionate to the seriousness of his convictions, his objection must be

overruled. See Lockyer v. Andrade, 538 U.S. 63, 72 (2003)(a gross proportionality principle applies to sentences for terms of years).

III.

Based on the foregoing, Mr. Frezzell's objection (#15) to the Report and Recommendation is overruled and the Report and Recommendation (#14) is adopted in its entirety. The Parole Board's motion to dismiss plaintiff's complaint (#8) is granted for failure to state a claim upon which relief can be granted. This case is DISMISSED WITH PREJUDICE.

*Michael H. Watson*
Michael H. Watson, Judge
United States District Court